UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                            )
MASSACHUSETTS PORT AUTHORITY and            )
DENNIS KAY,                                 )
                                            )
        Interpleader Plaintiffs,            )
                                            )
                v.                          )   CIVIL ACTION
                                            )   NO.
WILLIAMS MARITIME REPAIR SERVICE, INC.,     )
BONITA TOMPKINS, INTERNAL REVENUE SERVICE,  )
NEW ENGLAND PHOENIX CO., INC.,              )
BELCHER, STARR & FITZGERALD, LLP,           )
RICHARD F. MEYER, PLAN ADMINISTRATOR FOR THE)
BSA-ILA HEALTH, WELFARE AND CLINIC FUND     )
(on its own behalf and on behalf of the Management-ILA )
Managed Care), BSA-ILA PENSION TRUST FUND,  )
BSA-ILA RETIREMENT ACCOUNT FUND, BSA CENTRAL)
RECORDS BUREAU, and BSA PAID HOLIDAYS FUND  )
                                            )
        Interpleader Defendants.            )
_____)

## COMPLAINT FOR INTERPLEADER

By Order dated October 14, 2008, this Court approved, and retained jurisdiction to enforce, the terms of the Stipulation and Settlement Agreement in the related case, Civil Action No. 06cv11839-NMG. That Stipulation places certain restrictions on disbursement of the proceeds of a state court case brought by Williams Maritime Repair Service, Inc. ("WMRS") against interpleader plaintiffs Massachusetts Port Authority ("Massport") and Dennis Kay. Massport is now the stakeholder of $250,000 that it agreed to pay to WMRS under a settlement in that state case referenced in the Stipulation. Each of the defendants in the present interpleader complaint has, or has claimed at some point, a lien, claim, or right to the monies Massport holds. Massport brings the present complaint to resolve competing claims in a manner that is consistent

with this Court's judgment and with the Court's October 14, 2008, Stipulation and Settlement Agreement in Civil Action No. 06cv11839-NMG.

## THE PARTIES

1. Interpleader-plaintiff Massport is a body politic and corporate organized pursuant to Chapter 465 of the Acts of 1956, as amended, and has its administrative offices located at One Harborside Drive, Suite 200S, East Boston, Suffolk County, Massachusetts. Massport was served with trustee process in the present case and responded to that summons.

2. Interpleader-plaintiff Dennis Kay is an individual, and a former employee of Massport, residing in Reading, Massachusetts, Middlesex County.

3. Defendant Williams Maritime Repair Service, Inc. ("WMRS") is a corporation duly organized under the laws of the Commonwealth of Massachusetts with a current principal place of business listed with the Secretary of State's office as Post Office Box 724, Oxford, Maine.

4. Defendant Bonita Tompkins is an individual who, on information and belief, resides in New Sharon, Maine.

5. Defendant Internal Revenue Service is the federal government's tax collection agency, administers the Internal Revenue Code enacted by Congress, and is a sovereign and body politic. The taxpayer whose liability created the IRS liens at issue in this Complaint is WMRS. On information and belief, three notices of tax lien were filed with respect to these liens by the IRS office in Manhattan, New York, on March 14, 2006, September 7, 2006, and October 11, 2006. The proceeds of that case must be disbursed in accordance with this Court's October 14, 2008, Stipulation.

6.      Defendant New England Phoenix Co., Inc. ("NEPCO"), is a corporation duly organized under the laws of the Commonwealth of Massachusetts with a principal place of business listed with the Secretary of State's office as 337 Freeport Street, Boston, Suffolk County, Massachusetts.

7.      Defendant Belcher, Starr & Fitzgerald, LLP ("BSF") law firm is a Massachusetts Limited Liability Partnership with its principal office at 112 Water Street, Boston, Suffolk County, Massachusetts.

8.      Defendant Richard F. Meyer is the Plan Administrator for the BSA-ILA Health, Welfare and Clinic Fund (on its own behalf and on behalf of the Management-ILA Managed Care), BSA-ILA Pension Trust Fund, BSA-ILA Retirement Account Fund, BSA Central Records Bureau, and BSA Paid Holidays Fund  (collectively, "BSA").

## THE PROPERTY

9.      The item at issue here is a $250,000 payment that Massport, on its behalf and Mr. Kay's, agreed to pay to WMRS to settle a case in Massachusetts state court styled as *Williams Maritime Repair Service, Inc. v. Massachusetts Port Authority and Dennis Kay*, Civil Action No.: 08-2509.

## JURISDICTION AND VENUE

10.     The Court has jurisdiction over this matter under (1) 28 U.S.C. § 1335 as two or more of the claimants are of diverse citizenship, (2) 28 U.S.C. § 1331 because of, among other reasons, the Order of October 14, 2008 in Civil Action No. 06cv11839-NMG, retaining jurisdiction to enforce the terms of the Stipulation and Settlement Agreement in that related case, an Agreement resolving two cases under the federal Employee Retirement Income Security Act

("ERISA"), 29 U.S.C. §1001, et seq., and (3) because the IRS is a defendant (see 28 U.S.C. §§ 1340, 1346, 2410).

11. Venue is proper in this district pursuant to 28 U.S.C. § 1391 and 28 U.S.C. §1397 because one or more of the claimants/defendants reside in this district and the property is held in this district.

## FACTS

12. WMRS previously operated as a maintenance and repair vendor on Massport's property under an Operating Agreement with Massport effective October 1, 2004.

13. WMRS ceased doing business at Conley Terminal in or about August 2006.

14. After WMRS ceased doing business at Conley Terminal, the BSA sued WMRS in the related case in this Court (two separate cases, later consolidated) for unpaid and delinquent contributions under ERISA and for withdrawal liability under that same statute (collectively referred to here as the "ERISA Case").  Massport was served with trustee process in the ERISA Case and responded to that summons in or about January 2007.

15. In or about June 2008, WMRS sued Massport alleging claims arising out of the parties' relationship during the Operating Agreement.  Massport filed a counterclaim in that case. That action was styled as *Williams Maritime Repair Service, Inc. v. Massachusetts Port Authority and Dennis Kay*, Civil Action No.: 08-2509 ("State Court Case").

16. By Order dated October 14, 2008, this Court approved a Stipulation and Settlement Agreement ("Stipulation") resolving the ERISA Case and entered judgment. This Court explicitly retained jurisdiction to enforce that Stipulation.  (The Stipulation is attached at Exhibit A and the Order is attached as Exhibit B.)

17. The Stipulation is a contract within the meaning of §301 of the National Labor Relations Act, as amended, 29 U.S.C. §185, and within the meaning of §415 of ERISA, 29 U.S.C. §1145. Id. at ¶10.

18. The approved Stipulation made clear, and the Court approved, that the Stipulation was entered as an Order of the Court. (Exhibit A at ¶8.)

19. The Stipulation that the Court approved in the ERISA Case set forth a mechanism by which any money WMRS collected in the State Court Case would be distributed among certain of WMRS's creditors.

20. The Stipulation delineated the lienholders' (BSF, IRS, BSA, and WMRS) relative priority in that money. Specifically, under the Stipulation, the proceeds, if any, of the State Court Case were to be deposited in an escrow account specified in Stipulation, net of BSF's fees and costs. That escrow, in turn, was to be distributed to, in order of priority, the IRS, BSA, and, WMRS.

21. Under a written directive incorporated into the Stipulation that the Court approved, Defendant Tompkins, as "Principal" of WMRS, instructed BSF to pay the proceeds, if any, of the State Court Case, net of legal fees and costs, to the law firm of Holland & Knight LLP to be held in accordance with an escrow agreement that is also incorporated in the Stipulation.

22. But by Order dated June 25, 2010, in a separate state court action (Civil Action No. SUCV2010-02168-BLS1), Defendant NEPCO – another of WMRS's creditors and one not referenced or included in the federal Stipulation – purported to assert a claim to a portion of the proceeds, if any, of the State Court Case. (A copy of the June 25, 2010, Order is attached at Exhibit C.) In that separate state case, NEPCO sued WMRS and Defendant Tompkins

17. The Stipulation is a contract within the meaning of §301 of the National Labor Relations Act, as amended, 29 U.S.C. §185, and within the meaning of §415 of ERISA, 29 U.S.C. §1145. Id. at ¶10.

18. The approved Stipulation made clear, and the Court approved, that the Stipulation was entered as an Order of the Court. (Exhibit A at ¶8.)

19. The Stipulation that the Court approved in the ERISA Case set forth a mechanism by which any money WMRS collected in the State Court Case would be distributed among certain of WMRS's creditors.

20. The Stipulation delineated the lienholders' (BSF, IRS, BSA, and WMRS) relative priority in that money. Specifically, under the Stipulation, the proceeds, if any, of the State Court Case were to be deposited in an escrow account specified in Stipulation, net of BSF's fees and costs. That escrow, in turn, was to be distributed to, in order of priority, the IRS, BSA, and, WMRS.

21. Under a written directive incorporated into the Stipulation that the Court approved, Defendant Tompkins, as "Principal" of WMRS, instructed BSF to pay the proceeds, if any, of the State Court Case, net of legal fees and costs, to the law firm of Holland & Knight LLP to be held in accordance with an escrow agreement that is also incorporated in the Stipulation.

22. But by Order dated June 25, 2010, in a separate state court action (Civil Action No. SUCV2010-02168-BLS1), Defendant NEPCO – another of WMRS's creditors and one not referenced or included in the federal Stipulation – purported to assert a claim to a portion of the proceeds, if any, of the State Court Case. (A copy of the June 25, 2010, Order is attached at Exhibit C.) In that separate state case, NEPCO sued WMRS and Defendant Tompkins

personally based on a WMRS debt that Defendant Tompkins had guaranteed personally. Massport and Mr. Kay are reach-and-apply defendants in that case.

23. NEPCO sought, and received, an injunction in that same case which provided as follows, as it relates to Massport: "Reach and apply defendants Massachusetts Port Authority ("Massport") and Dennis Kay ("Kay"), including any of their officers, agents, servants, employees, and attorneys, and persons in active concert or participation with them who receive notice of this injunction, are hereby enjoined and restrained from making any payments, transfers, or distributions of monies or property of any value up to the sum of $115,540.41 (plus further interest at the per diem rate of $23.02 and costs of collection, including legal fees) to Williams Maritime or Tompkins arising from the [State Court Case], until further order of this Court or without the written consent of NEPCO." That Order stated that, "This order is made without prejudice to any pre-existing rights or obligations resulting from the 10/14/08 Order entered in consolidated actions 06-11839 NMG and 07-11431 NMG in federal District Court (document 27)."

24. Through a recent Settlement Agreement reached between Massport and WMRS in the State Court Case, Massport has agreed to pay WMRS $250,000 to resolve the State Court Case against Massport and Mr. Kay.

25. As part of the settlement of the State Court Case, and due to the competing claims and Court Orders, Massport and WMRS agreed in that Settlement Agreement that Massport would file an interpleader in this Court to resolve those competing claims to the $250,000.

26. As a result of the federal Stipulation and judgment, and the injunction in the State Court Case involving NEPCO, Massport has good faith concerns about where it should remit the $250,000 settlement.

27. In addition, Massport is informed and believes that there are disputes between and/or among the interpleader defendants about the defendants' liens' priorities and for this reason, as well, Massport has a good faith belief that there are competing claims to the $250,000 between and among some or all of the named defendants.

WHEREFORE, Massport requests judgment in its favor:

(a) Ordering defendants to interplead their respective claims to the $250,000 owed to WMRS;

(b) Declaring and determining the defendants' rights and interests in the $250,000;

(c) Ordering Massport to either (1) relinquish possession of the $250,000 into the registry of the Court under Local Rule 67.2(a)(1), and allowing Massport 30 days in which to make that deposit after receiving the Court's Order, or (2) hold the $250,000 until the Court orders distribution of all or some of it;

(d) Restraining each of the defendants from instituting any action against Massport or Mr. Kay for recovery of any portion of the $250,000;

(e) Relieving and discharging Massport and Mr. Kay, including their officers, Board members, directors, employees, agents, attorneys, heirs, assigns, and affiliates individually and in their official capacities, from liability with regard to the $250,000 and with regard to the return of same to the proper party or parties;

(f) Dismissing Massport and Mr. Kay from this action; and,

(g) Awarding Massport its costs and fees related to securing this interpleader.

MASSACHUSETTS PORT AUTHORITY and
DENNIS KAY,

By their attorneys,

    */s/ Michelle R. Peirce*
Michelle R. Peirce (BBO# 557316)
Callan G. Stein (BBO# 670569)
DONOGHUE, BARRETT & SINGAL, PC
One Beacon Street – Suite 1320
Boston, MA 02108
Email: mpeirce@dbslawfirm.com
Telephone: (617) 720-5090

Dated: February 9, 2012    Fax: (617) 720-5092

## **CERTIFICATE OF SERVICE**

    I, Michelle R. Peirce, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this 9th day of February, 2012.

    */s/ Michelle R. Peirce*
Michelle R. Peirce